# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| J & J SPORTS PRODUCTIONS INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTURO CUEVAS SILVESTRE, *doing business as* LA MEXICANA, <br><br> Defendant. | Case No. 16-CV-523-JPS <br><br><br> **ORDER** |

The parties do not dispute liability in this matter; defendant concedes that he violated 47 U.S.C. § 605. (Docket #16). They have, pursuant to the Court's schedule, briefed the issue of damages. (Docket #18, #19, and #20). In light of those arguments, the Court will grant judgment in favor of the plaintiff in the amount of $14,920.

The relevant facts are brief. The defendant showed a pay-per-view boxing match, distribution for which was licensed to the plaintiff, without the plaintiff's permission. The fight was shown in the defendant's restaurant on May 4, 2013. There was no cover charge for entering the establishment and the defendant did not advertise the broadcast. There have been no repeated violations by this defendant and he avers that he made no increased profit that night due to showing the fight. The plaintiff's investigator, viewing the defendant's unauthorized display, counted a maximum of thirty-nine patrons in the restaurant during the fight. If the defendant had contracted with the plaintiff to show the fight, the plaintiff's fee based on the size of the establishment would have been $2,200.

This Court applies the per head test for calculating statutory damages. *See J & J Sports Prods., Inc. v. ARH Enterprises LLC*, No. 13-CV-1383-JPS, 2014 WL 4656118 *3 (E.D. Wis. Sept. 16, 2014); *Joe Hand Promotions, Inc. v. Ewer*, No. 09-CV-612, 2009 WL 3269658 *3 (E.D. Wis. Oct. 8, 2009). The Court

previously used a $55 per head figure as the basis for its calculation, but Magistrate Judge Nancy Joseph updated that figure to $80 to account for inflation.[1] Using the investigator's head count of thirty-nine patrons, at $80 per head, the statutory damage award is $3,120.

The defendant contends that the award should instead be limited to the contract rate of $2,200. This approach, setting the award at a flat sum based on the rate the provider would charge, is an alternative to the per head test. *Joe Hand Promotions, Inc. v. Hibbard*, No. 15-3102, 2015 WL 5294672 *3 (C.D. Ill. Sept. 9, 2015). The per head test is used, however, when the number of patrons in known. *ARH Enterprises*, 2014 WL 4656118 at *3. The Court will not permit the defendant to, in essence, obtain the benefit of paying the appropriate rate after he has already violated plaintiff's rights. *Id.* (finding it more appropriate to award the higher per head calculation, $4,785, rather than the rate award, which was also $2,200).

The plaintiff further requests that it be awarded enhanced damages based on the willfulness of the defendant's violation. As this Court noted in *ARH Enterprises*:

> To arrive at an enhanced damages calculation, courts may consider factors such as the number of violations, the defendant's illegal monetary gain, the plaintiff's actual damages, whether the defendant advertised the event, and whether the defendant charged a cover to attend its showing of the event. *Broadway Baby*, 2013 WL 238850, at *4 (citing *Ewer*, 2009 WL 3269658, at *1; *Kaczmar*, 2008 WL 4776365, at *2). The Court should also consider the deterrent effects of an enhanced award and impose damages that discourage similar activity but that do not seriously impair the viability of the business.

---

[1]Magistrate Joseph applied the new figure because the $55 amount yielded damages less than the contract rate. *J & J Sports Productions, Inc. v. Garnica*, Nos. 14-CV-101 and 14-CV-103, 2015 WL 248013 *4 (E.D. Wis. Jan. 20, 2015). Here, a $55 per head figure would yield damages of $2,145, less than the contract rate of $2,200. The Court therefore finds that the updated figure is more appropriate.

> *Broadway Baby*, 2013 WL 238850, at *4 (citing *Ewer*, 2009 WL
> 3269658, at *1; *Kaczmar*, 2008 WL 4776365, at *2).

*ARH Enterprises*, 2014 WL 4656118 at *3. Based on similar facts, this Court and others have found that multiplying the base award by three provides sufficient deterrence. *Id.*; *J & J Sports Prods., Inc. v. Broadway Baby of Wisconsin*, No. 12-CV-405, 2013 WL 238850 *4 (E.D. Wis. Jan. 22, 2013); *J & J Sports Prods., Inc. v. Ithier*, No. 09-CV-1126, 2010 WL 2490674 *2 (E.D. Wis. June 17, 2010); *Ewer*, 2009 WL 3269658 at *3. The defendant stresses that he had no direct role in showing the fight; his employees went "rogue" in doing so. This position has no merit. The defendant is responsible for what his employees do in his establishment, and if they go "rogue," he bears any attendant cost. Applying the tripling factor to the base amount of $3,120, the enhanced damage award comes to $9,360.

The defendant does not contest the appropriateness of the plaintiff's desired awards on attorneys' fees or costs. Adding those amounts, totaling $2,440, to the statutory and enhanced awards yields a final figure of $14,920. The plaintiff is entitled to judgment in that amount.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall enter judgment in this action against the defendant and in favor of the plaintiff in the amount of $14,920; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 3 of 3